# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DEAN HINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-769 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on movant's Motion to Seal File and Remove Opinion From Electronic and Printed Reports.

The motion states that the underlying criminal proceedings against movant were "sealed because of security and safety reasons in that certain of the information therein could lead to violence against" him, and "[c]ertain of the information that could lead to death or injury of Hinson is also contained in his Section 2255 Motion." Movant states that he did not realize his § 2255 Motion would be considered as a separate matter and not covered by the Court's order sealing documents in the criminal case, and therefore he did not seek to seal the documents in this case. Movant states that he is in "great fear for his life and safety." Movant asks that the Court order the file sealed and direct that the Order dated May 29, 2008 "be removed from all electronic reports and not be included in any future printed reports."

Movant's assertion that the underlying criminal case is sealed is incorrect. See United States v. Hinson, Case No. 4:04-CR-463 CAS (E.D. Mo.). The only sealed documents in the underlying criminal case are one motion, the Plea Agreement, letters concerning sentencing, and the Presentence Investigation Report. The latter three types of documents are filed under seal in all criminal cases.

The Eighth Circuit has stated that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)).  A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling interest.  Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (citing In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988)).  "[O]nly the most compelling reasons can justify non-disclosure of judicial records."  Neal, 461 F.3d at 1053 (quoting In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005)).

Movant has not established a valid reason for the entire file of this matter to be sealed from public access.  Movant has shown, however, that a valid reason exists for the Court to restrict access to several of the documents in the Court file, specifically the § 2255 Motion itself (Doc. 1), the government's Response (Doc. 3), movant's Reply (Doc. 6), and the Memorandum and Order of May 29, 2008 (Doc. 8).  This aspect of movant's motion should be granted, to the extent the Court will order the Clerk of the Court to restrict access to these four documents to Court users and case participants only, i.e., movant and the government.

The Court does not have any control or authority over the companies and services which publish federal judicial opinions.  Therefore, the Court cannot order Thomson Reuters, Westlaw, LexisNexis or any other legal publisher or publication service to remove this Court's opinions from their electronic databases or publications.  This aspect of movant's motion should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion to Seal File and Remove Opinion From Electronic and Printed Reports is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** to the extent the Clerk of the Court shall restrict access to Documents 1, 3, 6 and 8 in this matter to Court users and case participants only, and **DENIED** in all other respects. [Doc. 10]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of September, 2010.